BOYER, Judge.
The City appeals a final order rendered by the Public Employees Relations Commission (PERC) determining that captains and lieutenants employed by the Jacksonville Fire Department are not managerial employees within the meaning of F.S. 447.-203(4).
We agree and affirm PERC’s order.
For an employee to be considered a managerial employee, his job functions must meet the criteria set forth in F.S. 447.203(4) which states:
“(4) ‘Managerial employees’ are those employees who:
“(a) Perform jobs that are not of a routine, clerical, or ministerial nature and *1099 require the exercise of independent judgment in the performance of such jobs, and [who also]:
“1. Formulate or assist in formulating policies which are applicable to bargaining unit employees;
“2. May reasonably be required on behalf of the employer to assist in the preparation for the conduct of collective bargaining negotiations;
“3. Have a role in the administration of agreements resulting from collective bargaining negotiations;
“4. Have a significant role in personnel administration;
“5. Have a significant role in employee relations;
“6. Are included in the definition of administrative personnel contained in s. 228.041(10), except that collective bargaining contracts entered into prior to the effective date of this law shall remain in effect for the period of such contracts, and, upon the expiration of these existing contracts, the provisions of this subpara-graph shall apply; or “7. Have a significant role in the preparation and administration of budgets for any public agency or institution or subdivision thereof.
“(b) Serve as police chiefs, fire chiefs, or directors of public safety of any police, fire, or public safety department. Other police officers, as defined in s. 943.10(1), and firefighters, as defined in s. 633.30(1), may be determined by the commission to be managerial employees of such departments. In making such determinations, the commission shall consider, in addition to the criteria established in paragraph
(a), the paramilitary organizational structure of the department involved. “However, in determining whether an individual is a managerial employee pursuant to either paragraph (a) or paragraph
(b), above, the commission may consider historic relationships of the employee to the public employer and coemployees.”
The record in this case amply supports PERC’s conclusion that captains and lieutenants employed by the Jacksonville Fire Department are not managerial employees. In that regard we quote relevant portions of PERC’s order:
“It is clear that captains and lieutenants perform duties which require the exercise of some independent judgment. The ex-tinguishment of fire, emergency medical treatment, rescue in emergency, and the inspection of buildings for fire hazards all require the employment of some discretion. However, analysis of the managerial status of an employee only begins if it is found that independent judgment is employed by the employee whose duties are at issue. It must also be shown that the employee performs at least one of the duties which fall within the ambit of the criteria listed in subparagraphs 1 through 7 of paragraph (a) of the statutory definition. In the case of fire fighting personnel, consideration must also be given to paragraph (b) of the definition. In this particular fact situation there is no doubt that the bulk of the City’s captains and lieutenants serve as what are typically denominated in a paramilitary fire department organization as ‘company officers.’ However, the ‘command’ duties of company officers must be considered in light of the nature of the paramilitary organization involved.
“The organization of the City of Jacksonville Fire Department is such that the captains and lieutenants herein involved do not fall within any of the categories of personnel described in subparagraphs 1 through 7 of paragraph (a) of the statutory definition of managerial employees. The captains and lieutenants herein derive their authority from their functions as ‘company officers.’ These company officers perform various ministerial and routine functions, have the authority to recommend certain actions, and have certain responsibilities at a combat or emergency scene until relieved by a higher ranking fire department officer (Battalion Chief or Deputy Chief). Although company officers undoubtedly enjoy the support of what may be termed ‘managerial’ officers of the fire department, they *1100 do not occupy positions in a paramilitary organization which would clearly and convincingly clothe them with the managerial authority and responsibility required to exclude them from the collective bargaining process.
“No discretion of the kind envisioned by Chapter 447 as managerial discretion is allotted to these captains and lieutenants. They must obey orders and must function as fire fighters with other fire fighters in their unit at the fire or emergency scene. “In accordance with the above-stated rationale the Commission has considered the fact that the City fire department is organized in a paramilitary fashion, and that the role of the company officers in that department is the one which is customary for such officers to play in paramilitary organizations.
“Policy originates with the Fire Chief. Uniform control of the limited mission requirements of the department requires centralized policy as to that mission. The evidence discloses that company officers play no role in the formulation of policy. Likewise, there is no evidence that company officers will be required to assist in the preparation for or conduct of collective bargaining negotiations. Furthermore, there is no evidence that company officers play any role in the preparation or administration of the department’s budget.
“The role of company officers in personnel administration and employee relations is closely circumscribed by the paramilitary organizational structure and by the Civil Service Board of Jacksonville.
“The independent judgment of company officers is exercised in furtherance of the organizational objective, which is the ex-tinguishment of fires and the rescue of victims. Company officers have limited discretion, within standing orders, to direct the members of their unit to perform requisite duties at the fire scene and at the fire station in training for the fire scene. But their discretion does not extend to labor-management or employee relations as such relations are customarily defined. Company officers do not assign personnel to their company. While they may recommend that a private in their company be transferred, the decision to assign or transfer is made by an Assistant Chief. Company officers have no authority to hire or fire employees. While they may recommend discipline, all discipline other than ‘minor discipline’ must be approved by a chief.officer.
“The Civil Service Board is responsible for the administration of promotional examinations. No periodic evaluation system exists except for probationary employees. Although company officers do evaluate probationary employees, they do not evaluate permanent employees.
“The evidence discloses that company officers perform limited supervisory duties. The supervisory duties are overseeing training; initial approval or disapproval of leave and transfer requests prior to processing such requests through the chain of command for final approval; command of a fire scene until relieved by a superior, which occurs at virtually all fires; and service as the first step in the grievance procedure, a step which is basically ministerial.
“These limited supervisory duties do not constitute a significant role in personnel administration or employee relations. Concerning service as first step in the grievance procedure, the Commission has held:
“ ‘To hold that this constitutes a role in the administration of the collective bargaining agreement would effectively exclude all supervisors, who act as the first step in a grievance procedure, from collective bargaining. The Legislature did not mandate such a result. Had the Legislature intended to exclude these lower level supervisory employees it could have done so by explicitly excluding “supervisors” from collective bargaining . . . ’
“ ‘Clearwater Fire Fighters Assn, and City of Clearwater, supra.’ ” [3 FPER 240 (1977)]

*1101 Concerning the City’s appeal of PERC’s order rendered February 4, 1976, allowing a self-determination election to be held by secret ballot among the lieutenants and captains of the Jacksonville Fire Department, the results of which decided whether the officers should be included in a unit with privates, comprise a separate unit, or reject representation in any unit, we affirm. (City of Winter Park v. Florida Public Employees Relations Commission, 349 So.2d 224 (Fla. 4th DCA 1977))
Accordingly, PERC’s orders no. 76E-768 and 78E-124 are affirmed.
IT IS SO ORDERED.
McCORD, C. J. and MELVIN, J., concur.