440 So.2d 416 (1983)
CITY OF ST. AUGUSTINE, Florida, Appellant,
v.
PROFESSIONAL FIRE FIGHTERS OF ST. AUGUSTINE, LOCAL 2282, IAFF, PFFF, et al., Appellees.
No. 82-1476.
District Court of Appeal of Florida, Fifth District.
October 13, 1983.
Rehearing Denied November 8, 1983.
*417 Ellen D. Phillips and Geoffrey B. Dobson of Meredith & Dobson, St. Augustine, for appellant.
Jerry W. Cheatham, Tallahassee, for appellee Public Employees Relations Com'n.
FRANK D. UPCHURCH, Jr., Judge.
The City of St. Augustine (City) appeals from a final order of the Public Employees Relations Commission (PERC), certifying the Professional Firefighters of St. Augustine, Local 2282 (Union), as the exclusive collective bargaining representative for a unit comprised of the St. Augustine Fire Department's captains and lieutenants.
In June, 1982, the Union filed a Representation-Certification Petition with PERC requesting an election to determine whether it should be certified as the exclusive bargaining agent of lieutenants and captains. The Union was currently representing lieutenants and was seeking by its petition to have captains included in the unit. The City filed a Petition for Determination of Managerial and Confidential Employees contending that the captains were managerial employees and therefore were excluded from collective bargaining.
A hearing was conducted on the petitions. On July 23, 1982, the hearing officer issued a recommended order suggesting that the Commission categorize the captains as non-managerial employees, find the unit of captains and lieutenants appropriate, and order a secret ballot election among the captains only to decide whether they wanted to be included in the unit or whether they wanted to remain unrepresented. The Commission agreed with the hearing officer's recommendations except to the extent of the captains' election on their inclusion in the unit. The Commission ordered an election wherein the captains and lieutenants voted together on the issue of union representation.
There were seven eligible voters, three captains and four lieutenants. The result of the election was four to three in favor of representation by the Union. After the election, PERC rendered an order verifying the results and certifying the Union as the exclusive bargaining representative for the unit composed of captains and lieutenants. It is from this order that the City appeals.
We believe the dispositive question is whether PERC correctly determined that the captains were non-managerial.
We recognize that several cases have held that captains in fire departments are non-managerial. See City of Jacksonville v. Jacksonville Assoc. of Fire Fighters, etc., 365 So.2d 1098 (Fla. 1st DCA 1979); City of Winter Park v. PERC, 349 So.2d 224 (Fla. 4th DCA 1977). However, whether employees in a particular case are managerial is a factual matter to be determined by an examination of their duties and responsibilities *418 and the criteria listed in section 447.203, Florida Statutes (1981). Once this determination is made by PERC, our authority is limited to a determination of whether there is competent, substantial evidence to support the determination.
Section 447.203(4) prescribes the criteria for managerial employees as follows:
"Managerial employees" are those employees who:
(a) Perform jobs that are not of a routine, clerical, or ministerial nature and require the exercise of independent judgment in the performance of such jobs and to whom one or more of the following applies:
1. They formulate or assist in formulating policies which are applicable to bargaining unit employees.
2. They may reasonably be required on behalf of the employer to assist in the preparation for the conduct of collective bargaining negotiations.
3. They have a role in the administration of agreements resulting from collective bargaining negotiations.
4. They have a significant role in personnel administration.
5. They have a significant role in employee relations.
6. They are included in the definition of administrative personnel contained in s. 228.041(1).
7. They have a significant role in the preparation or administration of budgets for any public agency or institution or subdivision thereof.
(b) Serve as police chiefs, fire chiefs, or directors of public safety of any police, fire, or public safety department. Other police officers, as defined in s. 943.10(1), and firefighters, as defined in s. 633.30(1), may be determined by the commission to be managerial employees of such departments. In making such determinations, the commission shall consider, in addition to the criteria established in paragraph (a), the paramilitary organizational structure of the department involved.
However, in determining whether an individual is a managerial employee pursuant to either paragraph (a) or paragraph (b), above, the commission may consider historic relationships of the employee to the public employer and to coemployees.
To be classified as managerial, the employees must exercise independent judgment and meet at least one of the seven criteria in paragraph (a) or meet the requirements of paragraph (b).
The testimony and exhibits before the hearing officer revealed the following facts: there is one fire chief, no assistant chief, and three captains. The captain is next in command to the fire chief. The chief is on actual duty only forty hours per week and during the remaining time, the captain on duty is in complete charge. The official fire captain job description provides that captains evaluate persons whose names appear on the Civil Service Board eligibility lists and make recommendations. The Union contract with the City provides that the captains are the initial step in attempting to adjust a grievance. The captains when on duty have the discretion to run their shift as they see fit subject to operating instructions of the chief. If there is a disciplinary problem with a lower ranked employee, the captains have the authority to suspend the employee. While the chief or city manager may countermand such action, this would be done only in rare circumstances.
Clearly the duties and operating procedures of the St. Augustine Fire Department bring the captains within subdivisions 3, 4 and 5 of section 447.203(4)(a). In addition, paragraph (b) of section 447.203(4) which specifically recognizes that firefighters may be managerial employees directs PERC to consider the paramilitary organizational structure of the department and permits the consideration of historic relationships of the employee to the public employer and to co-employees. Historically, the captains, as second in command of the department, have been considered managerial. This is evidenced by the fact that *419 when the lieutenants became a part of the bargaining unit in 1977, the captains were not included.
We cannot agree with PERC's contention that the part the captains play in the discipline process and the adjustment of grievances is insignificant. Apparently the need for discipline or for adjustment of grievances has been rare. That, however, is not the test. Should the captains be confronted with the necessity for discipline or adjustment of a grievance, it is clear they are expected to act in the interest of the City. They then would be acting in a managerial capacity.
Since our examination of the record fails to reveal the existence of substantial, competent evidence to support PERC's conclusion that the captains are non-managerial, we accordingly reverse the order below. In light of this determination, we need not address the question whether the captains should have been allowed to vote separately on whether they wanted to be included in the unit or remain unrepresented.
REVERSED.
COBB and COWART, JJ., concur.