JOANOS, Judge.
The State of Florida, Department of Administration (DOA) appeals a Florida Public Employees Relations Commission’s (PERC) final administrative order denying DOA’s request for managerial status for Division of Administrative Hearings (DOAH) hearing officers, denying DOA’s request that secretaries to the hearing officers be designated as confidential employees, and denying DOA’s request to exclude the secretarial positions from the American Federation of State, County and Municipal Employees (AFSCME) union bargaining unit due to a conflict of interests. We affirm.
If managerial status was conferred upon DOAH hearing officers, it would remove them from the public employee sector and deprive them of the right to collective bargaining through a labor union. Section 447.203, Florida Statutes (1981). There are, of course, constitutional overtones to the right to collective bargaining. See, Article I, Section 6, Florida Constitution. Given the constitutional overtones of collective bargaining and the loss of the right to collectively bargain when managerial status is conferred, the managerial indicia of Section 447.203(4), Florida Statutes (1981), must be narrowly construed. In re Managerial/Confidential Petition of the Orlando Professional Fire Fighters Local 1365, IAFF, 7 FPER par. 12372 (1981).
Substantial deference must be given to PERC’s interpretation of Section 447.-203(4), Florida Statutes (1981). Palm Beach Junior College v. United Faculty of Palm Beach Junior College, 425 So.2d 133 (Fla. 1st DCA 1982).
The testimony of the DOAH director shows that DOAH hearing officers perform no managerial functions within or without the DOAH.
We note DOA’s persuasive argument that DOAH hearing officers do not fit precisely into the conventional definitions of labor and management. However, the legislature created the categories under Chapter 447, with no exceptions for DOAH hearing officers.
Having properly found DOAH hearing officers to be non-managerial, PERC correctly concluded that the secretaries to the non-managerial officers were not confidential employees. Section 447.203(5), Florida Statutes (1981). Given the substantial, competent evidence to support PERC’s final order, the deference due PERC’s decision, and the narrow construction due to the involvement of a constitutional right, we AFFIRM.
LARRY G. SMITH and WENTWORTH, JJ., concur.