PER CURIAM.
This cause is before us on appeal from an order of the Public Employees Relations Commission (PERC), verifying the election results and certifying the Alachua County Police Benevolent Association as the exclusive collective bargaining representative for all police lieutenants and for two police sergeant positions in the Gainesville Police Department. Appellant has raised three issues: (1) whether PERC’s failure to give appellant notice of the inclusion of the two sergeant positions in the lieutenants’ bargaining unit is reversible error; (2) whether PERC failed to make explicit rulings on appellant’s proposed findings of fact as required under Section 120.59(2), Florida Statutes (1983); and (3) whether PERC erred in holding that personnel in the lieutenant classification in the Gainesville Police Department are not managerial.
After consideration of the oral arguments, briefs, and record, we must set aside the order to the extent necessary to permit evidence regarding whether it is appropriate to include the two sergeant positions in the bargaining unit. Referring to its order in Alachua County PBA v. City of Gainesville, 10 F.P.E.R. par. 15249 (1983), PERC states:
The stipulations which served as the evi-dentiary record in that case were directed at the possible conflict of interest with members of the rank-and-file bargaining unit, not members of the presently proposed supervisory bargaining unit. We there determined that this conflict of interest aligned the Training Officer and the Personnel Officer [sergeant positions] “with the Department’s Lieutenants.” Id. at 543. We noted that it might be necessary in the instant case to determine the managerial or confidential status of these employees. Unfortunately, the prior stipulations do not provide an adequate basis for making such a determination or for finding a conflict of interest between these two employees and the Department’s Lieutenants. In the absence of record evidence sufficient to demonstrate such a conflict of interest or to support a managerial or confidential designation, we modify the proposed supervisory unit description to include these two positions....
Thus, PERC has acknowledged that there is no competent, substantial evidence in this record to support the inclusion of the two sergeant positions in the lieutenants’ collective bargaining unit. See State, Department of Administration v. PERC, 443 So.2d 258 (Fla. 1st DCA 1983).
Since we are remanding for further evidence regarding the managerial or confidential status of the two sergeant positions, it is not necessary for us to address appellant’s second point.
Regarding appellant’s third point, the evidence would support a decision either way regarding the managerial status of the lieutenants[1] and their inclusion in the supervisory bargaining unit. We find there is competent and substantial evidence to support the final order, particularly in view of the paramilitary structure of the Gainesville Police Department. Cf. City of St. Augustine v. Professional Fire Fighters, 440 So.2d 416 (Fla. 5th DCA 1983).
Accordingly, the final order is vacated in part, affirmed in part, and remanded for further proceedings consistent with this opinion.
BOOTH, C.J., and SMITH and WENT-WORTH, JJ., concur.

. Section 447.203(4)(a) and (b), Florida Statutes, prescribes the criteria for managerial employees.