COBB, Judge.
The issue raised by this appeal is whether the Public Employees Relations Commission (PERC) erred, as a matter of law, in holding that three battalion chiefs in the Winter Park Fire Department are supervisory, rather than managerial, employees— and therefore part of a bargaining unit represented by Winter Park Professional Fire Fighters, Local 1598, IAFF (the Union) against the City. We considered essentially this same issue in City of St. Augustine v. Professional Fire Fighters of St. Augustine, Local 2282, IAFF, PFFF, 440 So. 2d 416 (Fla. 5th DCA 1983), petition for review denied, 450 So.2d 488 (Fla.1984), which concerned the managerial status of three fire captains.
The criteria for determining “managerial employees” are set out in section 447.-203(4), Florida Statutes (1985), which provides:
(4) “Managerial employees” are those employees who:
(a) Perform jobs that are not of a routine, clerical, or ministerial nature and require the exercise of independent judgment in the performance of such jobs and to whom one or more of the following applies:
1. They formulate or assist in formulating policies which are applicable to bargaining unit employees.
2. They may reasonably be required on behalf of the employer to assist in the preparation for the conduct of collective bargaining negotiations.
3. They have a role in the administration of agreements resulting from collective bargaining negotiations.
4. They have a significant role in personnel administration.
5. They have a significant role in employee relations.
6. They are included in the definition of administrative personnel contained in s. 228.041(1).
7. They have a significant role in the preparation or administration of budgets for any public agency or institution or subdivision thereof.
(b) Serve as police chiefs, fire chiefs, or directors of public safety of any police, fire, or public safety department. Other police officers, as defined in s. 943.10(1), and firefighters, as defined in s. 633.30(1), may be determined by the commission to be managerial employees of such departments. In making such determinations, the commission shall consider, in addition to the criteria established in paragraph (a), the paramilitary organizational structure of the department involved.
However, in determining whether an individual is a managerial employee pursuant to either paragraph (a) or paragraph (b), above, the commission may consider historic relationships of the employee to the public employer and to coemployees.
The facts established before the lower tribunal show, without dispute, that the battalion chiefs meet the “threshold requirement” of (4)(a) in that they perform jobs which are not of a routine, clerical or ministerial nature and require the exercise of independent judgment. Therefore, if the battalion chiefs meet even one of the seven criteria listed in (4)(a) above, then they are “managerial employees” as a matter of law. We find that at least four of the criteria have been met.
The hearing officer found that standard operating procedures are policies applicable throughout the department, and that such policies are formulated at meetings by a consensus of seven people, including the three battalion chiefs. PERC did not set aside this finding on the basis of lack of evidence, and, therefore, is bound by it. City of Umatilla v. Public Employees Relations Commission, 422 So.2d 905, 907 (Fla. 5th DCA 1982), petition for review denied, 430 So.2d 452 (Fla.1983).
Secondly, the hearing officer found, without dispute, that the battalion chiefs are actively involved in the hiring and termination of personnel and in the evaluation of the lieutenants for pay raises and promotions. These functions demonstrate that the battalion chiefs have significant roles in employee relations and personnel administration.
*1217 Lastly, PERC found that in collective bargaining negotiations between the City and the Union each party had proposed a grievance procedure in which the battalion chiefs have the responsibility and duty of resolving and adjusting grievances, and assuring that the terms and conditions of the bargaining agreement are met. These factors clearly constitute “a role in the administration of agreements resulting from collective bargaining negotiations.”
It is manifestly clear that the three battalion chiefs herein at issue are “managerial employees” pursuant to the provisions of subsection (a) and .1, .3, .4, and .5 of section 447.203(4). We find no meaningful distinctions between this case and City of St. Augustine. Accordingly, we hold that the three battalion chiefs of the Winter Park Fire Department are “managerial employees.”
REVERSED.
ORFINGER and DANIEL, JJ., concur.