ANSTEAD, Judge.
The state challenges an order dismissing charges against David Sells, for endeavoring to intercept oral communications in violation of section 934.03(l)(a), Florida Statutes (1989). We reverse and hold that there is a triable issue.[1] We do not agree that mere suspicion or implied knowledge that a communication might be recorded makes unreasonable the expectation of privacy in that communication, and immunizes a violator from prosecution as a matter of law.
Sells, a sheriff’s deputy, attempted to record a conversation he had with his supe *1245 rior officer, Chief Deputy Crowder, in Crowder’s office and at Sells’ request. Crowder admitted that he suspected Sells might record their conversation, as rumors to that effect were circulating throughout the department, and that he arranged the chairs in his office so that he could determine whether Sells was carrying a tape recorder.
In enacting chapter 934, the legislature intended that each party to a private conversation should enjoy an expectation of privacy in that conversation. Shevin v. Sunbeam Television Corp., 351 So.2d 723 (Fla.1977). The statute is designed to protect victims of illegal interceptions, not those who perpetrate them. State v. News-Press Pub. Co., 338 So.2d 1313 (Fla. 2d DCA 1976). The statute bars recordings of conversations without the consent of the other party. Shevin.
To permit recordings where the recorded party may be “suspicious” would completely vitiate the consent requirement. For instance, a person talking on the telephone with someone else may hear a pinging sound or other unusual noise and may suspect that the sounds could be associated with recording. Does that mean he has consented to the recording? We think not. In effect such a holding would mean that someone who violates the statute in a clumsy manner would be immune from prosecution as a matter of law. The message would be that one may intercept private communications with impunity as long as one does so in a manner that might suggest the conversation is being intercepted.
We hold that the state has made out a prima facie case sufficient to withstand a motion to dismiss. While a jury may conclude that the statute has not been violated as a matter of fact, we believe the circumstances of this case require submission of the case to a jury.
WARNER, J., and WALDEN, JAMES H., Senior Judge, concur.

. In dismissing the charges against appellee, the trial court also relied upon State v. Inciarrano, 473 So.2d 1272 (Fla.1985), for the principle that section 942.03 protects only those communications in which the speaker has a justifiable expectation of privacy. This general proposition remains true. However, based upon the particular facts of the case, the Inciarrano court narrowed the issue to "whether the tape recording made by a victim of his own murder must be excluded from evidence pursuant to chapter 934.” Ultimately, the supreme court concluded that the recording made by Inciarrano's victim did not fall within the statutory proscription of chapter 934 because even if Inciarrano had a subjective expectation of privacy, society would not recognize it as justifiable since Inciarrano went to the victim’s office to do him harm. Id. at 1275. Cf. LaPorte v. State, 512 So.2d 984 (Fla. 2d DCA 1987), rev. denied, 519 So.2d 987 (Fla.1988). In our opinion, the narrow "criminal act" exception to the prohibition on interception which appellee draws from the language *1245 of Inciarra.no is limited to cases with similar facts, and has no application here.