KAHN, Judge.
The court below granted appellee Edwards’ Criminal Rule 3.190(c)(4) motion and dismissed a criminal charge brought under section 934.03(l)(a), Florida Statutes. Although the order does not elaborate upon the trial court’s reasoning, it seems that the court agreed with the argument that although Edwards had tape recorded certain statements made by his superiors at work, these statements did not constitute “oral statements” within the purview of section 934.03, since the superiors actually set up a meeting because they suspected Edwards was attempting to tape record their conversations.
Section 934.02(2), Florida Statutes, defines “oral communications” as any communication “uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication.” Although this language would appear to exclude a situation in which the person being recorded actually suspects and expects that the subject communications will be recorded, the Fourth District expressly rejected such a construction of the statute in State v. Sells, 582 So.2d 1244 (Fla. 4th DCA 1991). The Sells court reasoned that the essence of the statute is its consent requirement and held that to restrict application of the statute where the recorded party expects the illegal activity “would completely vitiate the consent requirement.” 582 So.2d at 1245. We agree with the Sells court that the question of whether the statute has been violated must be submitted to a jury.
REVERSED.
ZEHMER, C.J., and VAN NORTWICK, J., concur.