PER CURIAM.
This is an administrative appeal by four career child protective service employees of the Department of Children and Families (“Department”) who were dismissed from their jobs following the death by abuse of a child, Kayla McKean.
The employees initially argue that their due process rights as well as their rights under the Administrative Procedure Act were violated when, at the evidentiary hearing, the Department presented evidence beyond the specific instances of negligence alleged against them in the dismissal letters. We conclude that a fair reading of the negligence allegations does not limit them to the complete failure to use the allegation matrix.[1] The allegations were broad enough to include the findings in the final order.
The employees next assert that the record is devoid of competent substantial evidence to sustain the charges against them. PERC was required to affirm the factual findings of negligence made by the hearing officer if such findings are supported by competent substantial evidence. Ferris v. Austin, 487 So.2d 1163 (Fla. 5th DCA), dismissed, 492 So.2d 1330 (Fla.1986). See Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983); National Industries, Inc. v. Commission on Human Relations, 527 So.2d 894 (Fla. 5th DCA 1988); Department of Agriculture and Consumer Services v. Edwards, 654 So.2d 628 (Fla. 1st DCA), rev. denied, 662 So.2d 931 (Fla.1995). Our review of the record shows the decision was supported by substantial competent evidence.
AFFIRMED.
COBB, W. SHARP, and GRIFFIN, JJ., concur.

. The allegation matrix is a tool which the Department requires its employees to use in conducting their investigations and determining whether sufficient evidence exists to verify reports of abuse or neglect.