# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**KIMBERLY D. FOSTER,**
Appellee.

No. 4D21-135

[July 21, 2021]

Appeal from the County Court for the Nineteenth Judicial Circuit, Martin County; Kathleen H. Roberts, Judge; L.T. Case Nos. 432020MM001135A and 432020AP000009.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell, Assistant Attorney General, West Palm Beach, and Bruce H. Colton, State Attorney, and Marcus A. Johnson and Nirlaine Tallandier Smartt, Assistant State Attorneys, Fort Pierce, for appellant.

Louis G. Carres, West Palm Beach, and John Musca of Musca Law, Naples, for appellee.

DAMOORGIAN, J.

The State of Florida ("the State") appeals the county court's order granting Kimberly D. Foster's ("Defendant") motion in limine, which excluded the State's use of a recorded exit interview on the basis that Defendant had a reasonable expectation of privacy. For the reasons outlined below, we reverse.

By way of background, Defendant was working as a correctional officer at Florida's Department of Corrections ("FDOC") Martin Correctional Institution ("MCI"). In early 2019, Correctional Officer Sergeant Tyler Grinstead ("Grinstead") went to MCI to submit his resignation. Defendant and Major Nathan Pollock ("Pollock") conducted Grinstead's exit interview in the warden's office, which is within MCI's administration building. There are signs posted at MCI that cell phones are not permitted.

During the exit interview, Grinstead told Defendant and Pollock that he saw FDOC staff members using excessive force on three inmates during three separate incidents. Unbeknownst to Defendant or Pollock, Grinstead recorded the exit interview in order to "protect himself and the reason why he quit." After the exit interview, Defendant prepared an incident report which stated that Grinstead was "quitting due to inmates telling him that staff were mistreating them" and that Grinstead "did not witness any mistreatment by staff himself." The incident report was entered into the Management Information Notification System ("MINS") and reviewed by the Department of Corrections, Office of the Inspector General ("IG").

The same day as the exit interview, Grinstead contacted the IG to report that he had witnessed multiple incidents involving excessive use of force on inmates at MCI a few days prior. As a result, inspectors within the IG's office conducted a sworn interview with Defendant at MCI. Defendant completed a "FDOC IG Oath and Perjury Warning Form DC1-850" which indicated it was an official investigation concerning allegations of physical abuse of members of MCI, and that any false statements would constitute the crime of perjury. Defendant signed the form and agreed to provide a statement. In her statement, Defendant asserted she recognized the MINS report she prepared in early 2019; that Grinstead told her he was resigning because he heard from prisoners that other prisoners were being abused at MCI; that Grinstead did not tell her he witnessed any specific instances of inmate abuse; and that Grinstead could not supply any names of personnel involved in the alleged misconduct because he was new at MCI.

Defendant was ultimately arrested for perjury and providing a false official statement. Prior to trial, Defendant filed a motion to suppress[1] the recorded exit interview, arguing her statements were oral communications, as defined in section 934.02, Florida Statutes (2019), obtained in violation of section 934.03, Florida Statutes (2019), and subject to statutory suppression under section 934.06, Florida Statutes (2019). The State countered that the recording fell outside the definition of "oral communications" provided in section 934.02 and thus Defendant had no reasonable expectation of privacy in her oral statements because: (1) the recorded conversation was documented by Defendant in MINS and became a public record; (2) all three attendees at the exit interview were employed by FDOC and were discussing the excessive use of force at MCI, a matter of public importance; and (3) the exit interview took place in the administration building at MCI, which is a public venue. After a hearing,

---

[1] The motion to suppress was treated as a motion in limine.

the court granted Defendant's motion and excluded the use of the recording in the State's case, concluding in part:

> There is a reasonable, subjective expectation of privacy that conversations made in a closed room outside of the hearing of anyone but the persons involved in the conversation, with rules established and enforced that prohibit a cell phone from being brought into the building, and thereby recording, a chance meeting between a resigned officer and his superiors.

The State thereafter moved for rehearing, which the court denied.

On appeal, the State argues the court erred in finding Defendant had a reasonable expectation of privacy during the mandatory exit interview, as FDOC's policy mandated that both the exit interview and its subject matter be documented; the subject matter involved matters of great public importance; the interview was witnessed by another FDOC employee; and the interview took place on government property. We agree.

Section 934.03, Florida Statutes (2019), prohibits the interception or recording of private oral communications in Florida. Section 934.02(2), Florida Statutes (2019), defines an "oral communication" as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication." Section 934.06, Florida Statutes (2019), prohibits the use of unlawfully intercepted oral communications as evidence, providing in pertinent part that "no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial . . . if the disclosure of that information would be in violation of this chapter."

Our supreme court has held that an oral communication is protected under section 934.03 if it satisfies a two-part test: "for an oral conversation to be protected under section 934.03 the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable." *State v. Smith*, 641 So. 2d 849, 852 (Fla. 1994). A person exhibits a subjective expectation of privacy only when "the individual has shown that 'he seeks to preserve [something] as private.'" *Smith v. Maryland*, 442 U.S. 735, 740 (1979) (alteration in original) (quoting *Katz v. United States*, 389 U.S. 347, 351 (1967)). A party's claim to a subjective expectation of privacy in a conversation can be rejected when there is no evidence the party "made any effort or otherwise took

precautions to keep the conversation private." *Stevenson v. State*, 667 So. 2d 410, 412 (Fla. 1st DCA 1996).

The holding in *McDonough v. Fernandez-Rundle*, 862 F.3d 1314 (11th Cir. 2017), is instructive. In that case, the Homestead Chief of Police invited McDonough, a member of the public, to discuss a series of complaints McDonough had lodged against a Homestead police officer. *Id.* at 1316. McDonough secretly recorded the meeting with the Chief, which took place in the Chief's office and in the presence of McDonough's friend and a Homestead Police Department Internal Affairs detective. *Id.* In concluding that McDonough had not violated section 934.03, the Eleventh Circuit noted that "the expectations of privacy needed to trigger application of the statute must be exhibited; in other words they must be 'shown externally' or 'demonstrated.'" *Id.* at 1319. The court held that section 934.02, which prohibits the recording of oral communications where a participant has an expectation of privacy, did not apply to the meeting, explaining:

> [T]here were at least four participants present: two members of the public, and two public officials also attended the meeting in the performance of their official duties. Moreover, the topic of their meeting was one of acute public interest: citizens discussing allegations of possible police misconduct with the chief of police.

*Id.* at 1320. The court also noted that the content of the meeting would likely be subject to public record disclosure. *Id.*

Here, similar to that in *McDonough*, the parties did not demonstrate externally any sort of expectation that the meeting was private or confidential. Although Defendant argues on appeal that the reason for Grinstead's resignation was unlawfully recorded without knowledge or consent, the record reflects that after the exit interview, Defendant herself documented Grinstead's reason for resignation by preparing an incident report that was submitted to MINS for review by the IG's office for a possible investigation. Also, all attendees at the exit interview were MCI employees, on MCI property, acting in furtherance of their public duties. Finally, the allegations of inmate abuse were a matter of public interest which Defendant documented and shared for the purpose of a possible investigation.

Based on the location of the exit interview, the nature and purpose of the interview, the manner in which the communication was made, and the number of people present, we hold there was no subjective expectation of

4

privacy, and the recorded exit interview was not an "oral communication" as defined by section 934.02, Florida Statutes. *See Dep't of Agric. & Consumer Servs. v. Edwards*, 654 So. 2d 628, 632–33 (Fla. 1st DCA 1995) (any subjective expectation of privacy was not reasonable where the recorded conversation was between three police officers during an office meeting about employment grievances, "because of the number of persons present when the statements were made, the place chosen for the interview, and the very nature of that interview"); *McDonough*, 862 F.3d at 1320 (no reasonable expectation of privacy where "[a]ll the attendees were charged with knowledge that the content of their conversation could be subject to public records disclosure laws"); *Smith*, 442 U.S. at 743–44 ("[A] person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.").

*Reversed and remanded.*

GROSS and MAY, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***