378 So.2d 879 (1979)
Clifford CUMMINGS, Appellant,
v.
STATE of Florida, Appellee.
No. NN-497.
District Court of Appeal of Florida, First District.
December 21, 1979.
Steven H. Parton, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Appellant pled nolo contendere to possession of less than five grams of cannabis and reserved right to appeal. Appellant contends the trial court erred in denying his motion to dismiss the information and erred in denying his motion to suppress the contraband.
The cannabis was found in appellant's car driven by appellant's brother. There were four people in the car at the time appellant's car was stopped: appellant, his brother, and two others. All of the occupants except appellant denied knowledge of the marijuana. Appellant made no comment. Appellant contends the facts fail to establish a prima facie case of constructive possession, to-wit, that appellant knew of the presence of a controlled substance and had the ability to maintain control over it. Appellants contend the facts establish joint possession of the trunk and not exclusive possession. Whether or not appellant had such knowledge must be inferred from the facts. Knowledge is an ultimate fact question not subject to a motion to dismiss under Section 3.190(c), Florida Rules of Criminal Procedure. See Spataro v. State, 179 So.2d 873 (Fla.2d DCA 1975). It would *880 have been for the jury to determine the credibility of the other occupants as to their denials.
The facts that the appellant owned the car and that the other occupants of the car denied knowledge of the marijuana were sufficient to withstand the motion to dismiss. These facts constitute evidence upon which the jury could have convicted appellant had the case gone to trial.
Appellant further contends the motion to suppress should have been granted because the arrest was illegal. The Quincy Department of Public Safety had advised the Chattahoochee Police Department to be on the lookout for this automobile because the occupants were suspected of having stolen gasoline pumped into the car. Appellant was shortly thereafter arrested in Chattahoochee as appellant's car matched the description which included the Mississippi license number. Appellant contends this arrest was illegal, being a warrantless arrest committed outside the officer's presence.
The language of Section 901.34, which pertains, is clear. Any police officer may arrest on or off the premises and without a warrant any person he has probable cause for believing has committed larceny in retail or wholesale establishments. Here the policeman had such probable cause.
AFFIRMED.
McCORD and LARRY G. SMITH, JJ., concur.