395 So.2d 201 (1981)
STATE of Florida, Appellant,
v.
Curtis ALFORD, Appellee.
No. 80-756.
District Court of Appeal of Florida, Fourth District.
February 18, 1981.
Rehearing Denied April 1, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
LETTS, Chief Judge.
This is an appeal by the State from an order granting a motion to dismiss an information charging the defendant with possession of in excess of twenty grams of cannabis, on the grounds that the undisputed material issues of fact failed to establish a prima facie case. We reverse.
The motion to dismiss set forth that as two officers approached a group of between eight to twelve people including the defendant, the group dispersed and the officers "located a bag which contained twenty-two smaller manila envelopes within it." They confiscated the bag and contents. Thereafter the motion to dismiss continued by alleging that upon analysis the defendant's fingerprints were found only on one of the twenty-two manila envelopes, which envelope contained less than twenty grams of cannabis. The defense then concluded the motion by alleging that the defendant said "it wasn't his stuff, he just bagged." From all of the foregoing the defense took the position that the undisputed material issues of fact did not establish a prima facie case of possession of in excess of twenty grams of cannabis in violation of Section 893.13(1)(e), Florida Statutes (1979).
*202 This motion was traversed by the State which traverse importantly alleged that it was the defendant himself who dropped the bag rather than a question of the bag merely being "located." This fact in and of itself appears sufficient to thwart a motion to dismiss but there are other reasons.
Because this appeal comes from a pretrial dismissal pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) and not from a jury verdict, the question before this court is whether the State's traverse was sufficient to place a material issue of fact into dispute or to demonstrate that the uncontroverted facts do establish a prima facie case of guilt. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977); State v. Savarino, 381 So.2d 734 (Fla.2d DCA 1980). Under this rationale, it must be determined in the case now before us whether the facts established a prima facie case of constructive possession, to wit, that the defendant knew of the presence of over twenty grams of a controlled substance and had the ability to maintain control over it. In Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979), the court maintained that whether or not a defendant has such knowledge of the presence of a controlled substance and the ability to control it must be inferred from the facts.
[1, 2] The cannabis was found in appellant's car driven by appellant's brother. There were four people in the car at the time appellant's car was stopped: appellant, his brother, and two others. All of the occupants except appellant denied knowledge of the marijuana. Appellant made no comment. Appellant contends the facts fail to establish a prima facie case of constructive possession, to-wit, that appellant knew of the presence of a controlled substance and had the ability to maintain control over it. Appellants contend the facts establish joint possession of the trunk and not exclusive possession. Whether or not appellant had such knowledge must be inferred from the facts. Knowledge is an ultimate fact question not subject to a motion to dismiss under Section 3.190(c), Florida Rules of Criminal Procedure. See Spataro v. State, 179 So.2d 873 (Fla.2d DCA 1975). It would have been for the jury to determine the credibility of the other occupants as to their denials.
In other words, knowledge is an ultimate fact question not subject to a motion to dismiss under Rule 3.190(c)(4).
Finally, we agree with the State that the motion to dismiss on its own face was insufficient to merit dismissal. In the State's own words with which we agree:
The motion itself states that Defendant's fingerprint was found on one manila envelope taken from a bag containing twenty-one other manila envelopes. The single envelope upon which his fingerprint had been found contained less than twenty grams of marijuana. However, the fact that his fingerprint was found on one of the envelopes could be probative evidence to indicate that he possessed the other envelopes as well, especially since they were found in one single bag. Thus, the fact that less than twenty grams of marijuana was found in the one small envelope does not dispose of the issue of whether Defendant possessed marijuana in excess of twenty grams. Further, his statement to [the Detective] quoted in the motion alleges that it wasn't "his stuff," but that he just bagged it. That exculpatory statement raises a credibility question which should have been left for a jury to decide. The statement itself implicitly admits that Defendant had contact with more than just the one manila envelope, and his denial that it was "his stuff" raises a question of credibility.
In sum we believe the motion to dismiss should not have been granted.
REVERSED AND REMANDED.
BERANEK and HERSEY, JJ., concur.