550 So.2d 45 (1989)
The STATE of Florida, Appellant,
v.
Eduardo Riva DURAN, Appellee.
No. 88-2814.
District Court of Appeal of Florida, Third District.
August 22, 1989.
Rehearing Denied November 9, 1989.
Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., for appellant.
Quinon & Strafer and Jose M. Quinon and Richard Strafer, Miami, for appellee.
Before HUBBART, FERGUSON and GERSTEN, JJ.
FERGUSON, Judge.
The State appeals a written order granting a sworn motion to dismiss a cocaine trafficking case. We reverse.
In response to a telephone tip from an allegedly confidential source, Metro-Dade officers set up a routine surveillance. The detectives had been informed of a planned narcotics transaction at a particular southwest apartment building, involving a white vehicle.
While surveying in the vicinity of the identified building, police officers observed an elderly male standing in the parking lot for about twenty minutes holding a brown paper shopping bag. Its contents were not visible. A white car drove up which the man entered on the passenger side. After approximately fifteen minutes, the man exited the vehicle  without the brown bag  and disappeared empty-handed into the building.
The officers followed the white car until the driver and sole occupant of the car  defendant below, Eduardo Riva Duran  stepped out of the vehicle near a home on Old Cutler Road. Duran agreed to talk with an officer who had exited the unmarked police car. Duran further consented to a search of the car which, it was discovered, was not registered to him. A bag containing *46 a ledger detailing drug transactions was found on the front seat. An empty brown paper bag  identified as the one which was previously seen filled during the surveillance  was on the back seat. A narcotics dog alerted for the presence of illegal drugs in the area of the back seat. Three kilos of cocaine were eventually found in a secret compartment under the back seat.
Duran was arrested and charged with trafficking in cocaine. He filed a sworn motion to dismiss alleging that the material facts failed to demonstrate that he knew that cocaine was hidden in the automobile. The State filed a traverse specifically denying the material allegations of Duran's motion to dismiss, and a demurrer by which it contended that the issues of knowledge and constructive possession are not subject to a determination on a pretrial sworn motion to dismiss. Nevertheless, the trial court granted the rule 3.190(c)(4) motion to dismiss on grounds that the undisputed facts failed to establish knowledge or constructive possession of the drugs.
Generally, the issue of knowledge, as an element of constructive possession, Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983), is an ultimate question which a jury must decide on factual inferences; it is not subject to a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4). State v. Farrugia, 419 So.2d 1118, 1120 (Fla. 1st DCA 1982). See also S.T.N. v. State, 474 So.2d 884 (Fla. 4th DCA 1985) (knowledge is not a proper issue to be decided on a motion to dismiss); Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979) (knowledge is an ultimate fact question not subject to a motion to dismiss under Rule 3.190(c)(4)), cert. denied, 386 So.2d 635 (Fla. 1980); State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981) (whether the defendant knew of the presence of a controlled substance, in light of the State's traverse, was an ultimate fact question not subject to a motion to dismiss). There are no exceptional facts in this case that would render the general rule inapplicable.
Duran relies principally on a probation revocation case, Rita v. State, 470 So.2d 80 (Fla. 1st DCA), rev. denied, 480 So.2d 1296 (1985), and State v. Rita, 451 So.2d 894 (Fla. 3d DCA), rev. denied, 459 So.2d 1041 (Fla. 1984).[1]Rita is factually distinguishable. Edmund Rita was stopped while driving a refrigerator truck containing bales of marijuana found in a double padlocked rear cargo compartment. The court, without discussion of the procedural issue, held the evidence of knowledge insufficient to establish constructive possession of drugs. Rita had neither a key nor other physical access to the outer cargo area filled with the illicit drugs. In Rita there was also a passenger in the truck, presenting a joint occupancy issue which is not present in this case.
In light of the traverse on the ultimate fact question of knowledge, the motion to dismiss should have been denied. See State v. Johnson, 398 So.2d 500 (Fla. 3d DCA 1981); Fla.R.Crim.P. 3.190(d) (a motion to dismiss shall be denied if the State files a traverse which with specificity denies under oath the facts alleged).
Reversed and remanded for further proceedings.
NOTES
[1] The first district's opinion provides the underlying facts for the third district's case.