PER CURIAM.
Appellant, Vernon T. Graves, appeals the denial of a motion to dismiss charges of armed burglary of a conveyance, grand theft, and petty theft. Appellant pled nolo contendere reserving his right to appeal the denial of his motion. We affirm.
The victim of a car burglary observed a person breaking into a car and chased him until the perpetrator entered another vehicle driven by appellant. Appellant then pointed a gun at the victim and fled with the perpetrator.
Although appellant was also charged with aggravated assault, only the charges of armed burglary of a conveyance, grand theft, and petty theft, were the subject of the motion to dismiss. Appellant contended that the undisputed facts were insufficient to support armed burglary of a conveyance, grand theft, or petty theft because the appellee State failed to show that: (1) appellant had knowledge of the perpetrator’s intentions, and (2) his presence at the scene and subsequent flight did not establish a prima facie case of guilt.
The issue of knowledge and of specific intent to commit a crime when acting as a “lookout” or a “wheelman”, as appellant is charged with doing, is not a proper issue to be decided on a motion to dismiss. S.T.N. v. State, 474 So.2d 884 (Fla. 4th DCA 1985). Knowledge is an ultimate question of fact and thus not subject to a motion to dismiss. State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981); Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 635 (Fla.1980); see also State v. Duran, 550 So.2d 45 (Fla. 3d DCA 1989).
A motion to dismiss is granted only where the most favorable construction to the State would not establish the barest prima facie case of guilt. State v. Davis, 243 So.2d 587 (Fla.1971).
We find no error, and accordingly, we affirm.