PER CURIAM.
Based on the controlling authority of Graves v. State, 590 So.2d 1007 (Fla. 3d DCA 1991), we reverse the order under review dismissing an information under Fla.R.Crim.P. 3.190(c)(4), which information charged the defendant Fernando Garantiva with the burglary of two automobiles and possession of burglary tools. In Graves, this court reversed an order dismissing an information under Fla.R.Crim.P. 3.190(c)(4) based upon the following holding:
“The issue of knowledge and of specific intent to commit a crime when acting as a ‘lookout’ or a ‘wheelman,’ as appellant is charged with doing, is not a proper issue to be decided on a motion to dismiss. S.T.N. v. State, 474 So.2d 884 (Fla. 4th DCA 1985). Knowledge is an ultimate question of fact and thus not subject to a motion to dismiss. State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981); Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 635 (Fla.1980); see also State v. Duran, 550 So.2d 45 (Fla. 3d DCA 1989).”
Id. at 1007.
Because, as in Graves, the issue of knowledge and of specific intent to commit a crime while acting as a “wheelman” was concededly the central issue decided by the trial court in granting the defendant’s motion to dismiss below, it follows that such order must be reversed based on the authority of Graves.
The final order of dismissal is reversed and the cause is remanded to the trial court with directions to reinstate the information herein.
Reversed and remanded.