STONE, Judge,
dissenting.
I would reverse. In my judgment the state’s motion to strike the appellee’s sworn motion to dismiss should, at a minimum, be treated as a demurrer. The circumstances alleged in appellee’s motion, if unsupported by additional evidence at trial, might arguably entitle appellee to a judgment of acquittal, but not a pretrial dismissal.
If the state had filed a document entitled “demurrer” or a “traverse,” rather than a motion to strike, the defendant’s motion would have been denied because, as a general rule, constructive possession or state of mind issues should not be resolved by a motion to dismiss filed pursuant to rule 3.190(c)(4), Florida Rules of Criminal Procedure. E.g., State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981); State v. Duran, 550 So.2d 45 (Fla. 3d DCA 1989). I also note that at the time of the hearing on the motion, there was obviously no way of knowing whether the state might subsequently be able to present direct evidence concerning the appellee’s involvement in the drug deal. For example, the codefend-ant could elect, or could otherwise be in a position to be called, to testify at trial.