642 So.2d 804 (1994)
STATE of Florida, Appellant,
v.
Nicki Joe JONES, Appellee.
No. 94-19.
District Court of Appeal of Florida, Fifth District.
September 16, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellee.
DIAMANTIS, Judge.
The State of Florida appeals the order dismissing all charges against Nicki Joe Jones which was entered by the trial court after Jones filed a motion to dismiss pursuant to Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure. We reverse and remand this cause for further proceedings consistent with this opinion.
The state charged Jones with three counts of retaliating against a witness in violation of section 914.23, Florida Statutes (1991). Specifically, the state asserted in its amended traverse/demurrer that Jones threatened to kill three law enforcement officers who gave deposition testimony against Jones in a pending civil lawsuit. The officers testified at their depositions that they had used Jones in an undercover capacity in various cases and, further, that Jones suffered from no mental infirmity and appeared able to think clearly *805 in his efforts as a confidential informant. The officers' testimony directly contradicted Jones' claim that he suffered significant impairment to his cognitive abilities as a result of injuries he received in a car accident.
Once Jones became aware of the officers' testimony, he called his probation officer, Mitchell Shaban, and told him that, because of the officers' testimony, Jones was thinking about hunting the officers down and killing them where they lived. Jones further stated to Shaban that he was also thinking about waiting outside the sheriff's substation and killing the officers when they exited the building. In response, Shaban told Jones that he was required to inform the officers of Jones' death threats. Jones indicated to Shaban that Shaban should do whatever he thought was required. After this conversation, Jones again called Shaban and stated that he guessed his threats were now known to both the sheriff's office and the officers, and that the officers knew how Jones felt about their testimony. At no time did Jones indicate that he wanted to retract his statements or that he was merely jesting or blowing off steam. Jones also made his death threats known to Dr. Falcone, a psychologist, who, in turn, informed the officers of the threats.[1]
As pertinent, section 914.23 provides:
Retaliating against a witness, victim, or informant.  A person who knowingly engages in any conduct that causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for:
(1) The attendance of a witness or party at an official proceeding, or for any testimony given or any record, document, or other object produced by a witness in an official proceeding; ...
* * * * * *

or attempts to do so, is guilty of a criminal offense. If the conduct results in bodily injury, such person is guilty of a felony of the second degree... . Otherwise, such person is guilty of a felony of the third degree... .
§ 914.23, Fla. Stat. (1991) (emphasis added). Section 914.23 is virtually identical to the federal statute which prohibits retaliating against a witness, victim, or informant. See 18 U.S.C.A. § 1513 (1984).
In granting Jones' motion to dismiss, the trial court interpreted the provisions of section 914.23 as requiring the state to show that Jones either intended to communicate the threats to the officers, or intended that the probation officer or psychologist communicate the threats to the officers.[2] We respectfully disagree with this interpretation of the statute.
By its express terms, section 914.23 requires the state to demonstrate that a defendant has knowingly engaged in conduct threatening to cause bodily injury to another person with the intent to retaliate against the person for his testimony as a witness in an official proceeding. See United States v. Cofield, 11 F.3d 413, 419 (4th Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1125, 127 L.Ed.2d 433 (1994); United States v. Brown, 937 F.2d 32, 36 (2d Cir.), cert. denied, ___ U.S. ___, 112 S.Ct. 323, 116 L.Ed.2d 264 (1991). The only intent requirement contained in the statute is that the defendant make the threats with the intent to retaliate against the witness; section 914.23 does not require that the defendant have the intent to communicate his threats to the witness or, even, that the defendant have the intent to carry out his threats. United *806 States v. Maggitt, 784 F.2d 590, 593 (5th Cir.1986). In this regard, section 914.23 is aimed at deterring both retaliatory bodily injury to a witness and retaliatory threats against a witness before the threats become reality.[3]
The proof of whether a defendant has knowingly engaged in conduct threatening to cause bodily harm to a witness with the intent to retaliate against the witness must turn upon the circumstances under which the threat was made. See United States v. Brown, 937 F.2d at 36. See also United States v. Frederickson, 601 F.2d 1358, 1362-63 (8th Cir.), cert. denied, 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979).[4] Intent is generally a question for the trier of fact because a defendant's mental intent is hardly ever subject to direct proof and must be established by surrounding circumstances. See Brewer v. State, 413 So.2d 1217, 1219-20 (Fla. 5th DCA 1982), rev. denied, 426 So.2d 25 (Fla. 1983). See also United States v. Brown, 937 F.2d at 36. In construing section 914.23's federal counterpart, courts have concluded that determining whether a defendant's statements and acts constitute threatening conduct is a question of fact generally reserved for the jury. Id.; United States v. Amor, 24 F.3d 432, 436 (2d Cir.1994). Thus, the issue of Jones' intent or state of mind in the present case presented a jury question and was not a matter which could be decided on a "(c)(4)" motion. See State v. Evans, 394 So.2d 1068, 1069 (Fla. 4th DCA 1981).
In our view, the state presented a prima facie case under section 914.23 because the state demonstrated that Jones verbally made detailed threats to kill the three officers in retaliation for their deposition testimony.[5] Specifically, the state demonstrated that Jones made these threats to his probation officer and to a psychologist, both of whom considered the threats serious enough to warn the officers. When the probation officer told Jones that he was required to notify the officers of the threats, Jones made no effort to retract or explain his threats as merely letting off steam or made in jest. In a subsequent telephone call to his probation officer, Jones stated that he realized the threats in fact had been communicated to the officers.
Because the state presented a prima facie case under section 914.23, it was error for the trial court to dismiss the charges against Jones. Accordingly, we must reverse the dismissal order and remand this cause to the trial court for reinstatement of the charges against Jones and for further proceedings consistent with this opinion.[6]
REVERSED and REMANDED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] See § 490.009, Fla. Stat. (Supp. 1992).
[2] On a "(c)(4)" motion to dismiss, the trial court must resolve all inferences against the defendant. The court should not "determine fact issues or consider the weight of conflicting evidence or the credibility of witnesses." State v. Upton, 392 So.2d 1013, 1015 (Fla. 5th DCA 1981). In this regard, the motion is somewhat similar to a motion for summary judgment in a civil case. See Ellis v. State, 346 So.2d 1044, 1045 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla. 1977); State v. Giesy, 243 So.2d 635, 636 (Fla. 4th DCA 1971). To withstand such a motion, the state need establish only a prima facie case. State v. Pentecost, 397 So.2d 711, 712 (Fla. 5th DCA 1981); State v. Cramer, 383 So.2d 254, 254 (Fla. 2d DCA), rev. denied, 388 So.2d 1111 (Fla. 1980); State v. Savarino, 381 So.2d 734, 735 (Fla. 2d DCA 1980).
[3] We agree with the state's observation that section 914.23 does not address the evil of tampering with a witness as does section 914.22, Florida Statutes (1991). Logically, witness tampering requires that the threat be made known to the witness in order to influence the witness's testimony. This conclusion is strengthened by the fact that the legislature separately addressed the problems of tampering and retaliation when it enacted these statutes. See Ch. 84-363, §§ 14, 15, Laws of Fla. Prior to the enactment of sections 914.22 and 914.23, section 918.14, Florida Statutes (1983), which dealt primarily with tampering with a witness, also contained some provisions protecting a witness from retaliation.
[4] In Frederickson, the court interpreted the provisions of 18 U.S.C. § 871 (1976), which made it an offense to knowingly and willfully make any threat "against the President, President-elect, Vice President or other officer next in the order of succession to the office of President, or Vice President-elect." Before and after being arrested for trespass at a plant entrance, Frederickson made statements to police officers in which he threatened to kill the President.
[5] Because they were not raised in this appeal, we need not address two other issues raised in the trial court regarding whether a deposition in a civil trial is an "official proceeding" as defined in section 914.21(4), and whether section 914.23 is unconstitutionally vague.
[6] The information in this case describes the three charged offenses as second-degree felonies. The charged offenses, however, are clearly third-degree felonies under section 914.23 because the charging document does not allege any resulting injury. On remand, the trial court shall require the state to correct its charging document to reflect the correct degree of these felony offenses.