658 So.2d 1056 (1995)
STATE of Florida, Appellant,
v.
Beyard ST. JEAN, Appellee.
State of Florida, Appellant,
v.
Noelvil SOIRELUS, Appellee.
Nos. 94-1132, 94-1472.
District Court of Appeal of Florida, Fifth District.
June 23, 1995.
Rehearing Denied August 15, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellant State of Fla.
James Dickson Crock, of James Dickson Crock, P.A., Daytona Beach, for appellee Beyard St. Jean.
James B. Gibson, Public Defender, and Nancy Ryan, Asst. Public Defender, Daytona Beach, for appellee Noelvil Soirelus.
Rehearing Denied in No. 94-1132 only August 15, 1995.
HARRIS, Chief Judge.
Beyard St. Jean was driving his vehicle up I-95 in Volusia County with Noelvil Soirelus as his passenger. When St. Jean weaved into another lane, a deputy sheriff stopped him and gave him a warning. Without contradiction, St. Jean then consented to a search of his vehicle. St. Jean and Soirelus *1057 were standing outside the vehicle as the officer commenced the search.
The officer found a flowered bag on the floorboard on the passenger side of the vehicle. When he started to search this bag, St. Jean and Soirelus fled the scene. Unsurprisingly, the bag contained over two kilograms of cocaine. When apprehended, both St. Jean and Soirelus were charged with trafficking in cocaine.
Both St. Jean and Soirelus filed a c-4[1] motion to dismiss, contending that the irrefutable facts establish the State's inability to prove that either defendant had constructive or actual possession of the flowered bag since it was found in a common area of the vehicle and carried the fingerprints of neither defendant. By traverse, the State asserted that each defendant had dominion and control over the cocaine and knowledge of its presence. The court granted both motions to dismiss. The State appeals; we reverse.
We have elected to consolidate these cases for the purpose of this opinion.
First, we find that under the facts of these cases, a c-4 motion was an inappropriate vehicle to challenge the issue of knowledge as an element of constructive possession. The court in State v. Duran, 550 So.2d 45, 46 (Fla. 3d DCA 1989), held:
Generally, the issue of knowledge, as an element of constructive possession, Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983), is an ultimate question which a jury must decide on factual inferences; it is not subject to a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4). State v. Farrugia, 419 So.2d 1118, 1120 (Fla. 1st DCA 1982). See also S.T.N. v. State, 474 So.2d 884 (Fla. 4th DCA 1985) (knowledge is not a proper issue to be decided on a motion to dismiss); Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979) (knowledge is an ultimate fact question not subject to a motion to dismiss under Rule 3.190(c)(4)), cert. denied, 386 So.2d 635 (Fla. 1980); State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981) (whether the defendant knew of the presence of a controlled substance, in light of the State's traverse, was an ultimate fact question not subject to a motion to dismiss).
Second, even if the c-4 motions properly raised the issue, the judge failed to give proper effect to the evidentiary value of the admitted flight. Our supreme court has long recognized:
The rule is that, when a suspected person in any manner endeavors to escape, or evade a threatened prosecution, by flight, concealment, resistance to a lawful arrest, or other ex post facto indication of a desire to evade prosecution, such fact may be shown in evidence as one of a series of circumstances from which guilt may be inferred. Whart. Crim. Ev. (9th ed.) § 750, and citations; Carr v. State, 45 Fla. 11, text 16, 34 So. 892 (quoting Blackwell v. State, 79 Fla. 709, 86 So. 224 (1920)).
Daniels v. State, 108 So.2d 755, 760 (Fla. 1959).
Also in Spinkellink v. State, 313 So.2d 666, 670 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976), Rehearing denied, 429 U.S. 874, 97 S.Ct. 194, 50 L.Ed.2d 157 (1976), the court stated the rule as "when a suspect endeavors to evade prosecution by flight, such fact may be shown in evidence as one of the circumstances from which guilt may be inferred." It is necessary, of course, that there be some evidence other than the flight to show that the fleeing was to avoid prosecution. Merritt v. State, 523 So.2d 573 (Fla., 1988). Here, where the defendants fled just as the officer was opening the bag containing over two kilograms of cocaine (or, more to the point, containing minimum fifteen-year jail terms), it is hard to imagine any other motivation that would cause the owner (or the passenger for that matter) to abandon the vehicle along I-95 and take to the woods.[2]
*1058 Even though the supreme court in Fenelon v. State, 594 So.2d 292, 294-95 (Fla. 1992), held that thereafter it would be inappropriate for the court to instruct on flight, it did not do away with the evidentiary value of flight or the inference it might create:
Evidence that a defendant was seen at the scene of a crime, leaving the scene, or fleeing from the scene, in most instances, would be relevant to the question of the defendant's guilt. Such evidence, like any other evidence offered at trial, is weighed and measured by its degree of relevance to the issues in the case.
* * * * * *
We are thus persuaded that the better policy in future cases where evidence of flight has been properly admitted is to reserve comment to counsel, rather than to the court.
Fenelon, 594 So.2d at 295.
Thus the supreme court in Fenelon has confirmed the continuing value of the evidence of flight in criminal prosecutions; it has merely restricted the trial judge from improperly emphasizing such fact by commenting on it in the instructions to the jury.
The state should be permitted to present these cases to the jury.
REVERSED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.190(c)(4).
[2] We are not persuaded by Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988). In Agee, the defendant "walked hurriedly away" from a motel parking lot when the police cars arrived. No contraband was found in the area vacated by Agee. When he was later approached, Agee did not attempt to flee. "Fleeing" to the scene of a crime simply does not have the same effect as fleeing from the scene of a crime. We agree that Agee's previous "flight" did not support an inference that he had knowledge of the contents of a matchbox found near him in a public place.