THOMAS, P., Associate Judge.
The State appeals the trial court’s dismissal of the charges filed against the appellee, Billy Heffner. We reverse.
Heffner was charged by information with possession of marijuana with intent to sell or deliver, possession of more than 20 grams of marijuana, and possession of less than 20 grams of marijuana. He moved to dismiss the charges pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), alleging that the state did not establish a prima facie case of guilt.
During the hearing on the motion, Detective Matthew Floeter of the Orlando Police Department testified that he was informed through a phone call of possible drug sales occurring in a certain room at a Days Inn motel. Floeter, with two other detectives, went to the hotel room. When he knocked on the door, one of the room’s occupants, Matthew Harman, opened the door about ten inches. According to the officer, an expression of shock came over Harman’s face and Harman shut the door immediately. The officer knocked on the door again and the second time, Harman and Robert Fitzgerald appeared at the door. Floeter told the pair that he was investigating possible illegal drug activity occurring in their room and requested permission to enter the room. As the officers were allowed into the room, the appellee, Billy Heffner, was taking a shower in the unit’s bathroom.
Immediately upon entry into the room, one of the officers detected an odor of marijuana emanating from the room. Another officer saw a baggie containing a residue amount of marijuana lying on the floor. Another small empty baggie was in the room’s trash can. One of the officers ordered Heffner out of the shower. When Heffner came out of the bathroom wrapped in a towel, he asked if he could put on his pants. The officer requested and received consent from Heffner to search Heffner’s pants before he put them on. The officer found approximately $4,400 in cash in one of the pants pockets. Heffner claimed that the money was obtained from a landscaping job; however, he could not provide a phone number for the company or any other information about his employment. Floeter also discovered that all three men had been overnight guests at the Orlando hotel, even though each of them were residents of Orlando. The officers asked for and obtained consent to search Harman and Fitzgerald. They found $4,000 in cash on Har-man and in Fitzgerald’s pockets the officers found two $50 bills and a piece of paper with names and numbers on it. Based on his law enforcement experience, Floeter believed the paper to be a drug ledger.
The officers asked for but were refused permission to search the room. In the next two to four hours, the detectives obtained a search warrant. During this time the three men were detained in the room by other officers. In the search executed pursuant to the warrant, the detectives found seven grams of marijuana under a pillow on one of the beds. They also found six bags of marijuana totaling 46 grams, and approximately $5,000 in cash, between the mattress and box springs of the beds.
The state asserts the trial court erred in granting Heffner’s motion to dismiss because it did present a prima facie case of Heffner’s guilt. In State v. Pentecost, 397 So.2d 711 (Fla. 5th DCA 1981), this court wrote:
So long as the state barely shows a case against the accused it should be allowed to proceed with its case. Then if the accused is entitled to a directed verdict at trial or an acquittal, each party has been given its due. It is only when the state cannot establish even the barest bit of a prima facie case that it should be prevented from prosecuting. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980); State v. J.T. S., 373 So.2d 418 (Fla. 2d DCA 1979).
In this case, the undisputed facts reveal that Heffner stayed overnight in a hotel room in the same city in which he lived with two other individuals who also had Orlando residential addresses. Marijuana was found in the hotel room. Its odor was also detected. Heffner had over $4,000 in cash in his pants. He claimed he earned the money from a landscaping job but when queried further about it, he stated he did not have a *979 phone number for his employer or other means by which the officer could verify the employment. Another of the occupants of the room also had a large sum of cash on his person. The third occupant had in his pocket what appeared to be a drug ledger. In the search conducted pursuant to the warrant, the officers discovered additional marijuana packaged as if for sale and another large sum of cash.
We find these facts taken together present a prima facie case of Heffner’s guilt of the offenses charged. In so ruling, we note that the issue of knowledge, as an element of constructive possession of contraband, is generally an ultimate question which a jury must decide on factual inferences. State v. St. Jean, 658 So.2d 1056 (Fla. 5th DCA 1995); State v. Duran, 550 So.2d 45, 46 (Fla. 3d DCA 1989).
The order of dismissal is vacated.
ORDER OF DISMISSAL VACATED; REMANDED.
GRIFFIN, C.J., and DAUKSCH, J., concur.