873 So.2d 494 (2004)
STATE of Florida, Appellant,
v.
Robert L. MASSEY, Appellee.
No. 5D03-1811.
District Court of Appeal of Florida, Fifth District.
May 14, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellee.
PETERSON, J.
The State of Florida appeals the dismissal of its information against Robert L. Massey based on his Florida Rules of Criminal Procedure 3.190(c)(4) motion. Our de novo review compels us to reverse. See, e.g., Bell v. State, 835 So.2d 392 (Fla. 2d DCA 2003).
The State charged Massey by information with possession of cocaine, possession of twenty grams or less of cannabis and possession of drug paraphernalia when the police entered a residence pursuant to a search warrant and saw him lying in bed. The police found the illegal substances within Massey's reach on an adjoining table and on the floor.
Massey's motion merely requested dismissal pursuant to rule 3.190(c)(4) and recited the same facts alleged in the charging affidavit. The State also alleged that Massey had been watching television when the drugs were seized and that in the closet of the same room there was paperwork connected to his probation, thereby implying that he had a substantial connection to the room in which he was found.
A defendant has the initial burden when filing a rule 3.190(c)(4) motion to allege *495 that the material facts are undisputed and demonstrate that the undisputed facts do not establish a prima facie case. E.g., Ellis v. State, 346 So.2d 1044, 1045-46 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla.1977). Massey failed to carry that burden as he has not demonstrated that the undisputed facts failed to establish a prima facie case.
Accordingly, Massey's motion was deficient. See, e.g., State v. Gutierrez, 649 So.2d 926 (Fla. 3d DCA 1995); State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979).
The order dismissing the information is vacated and we remand for further proceedings.
REVERSED and REMANDED.
THOMPSON and MONACO, JJ., concur.