PER CURIAM.
The defendant filed a petition for writ of habeas corpus. He alleged ineffectiveness of appellate counsel in failing to challenge the sufficiency of evidence to support the battery on a law enforcement officer conviction in his direct appeal.[1] While habeas corpus is the correct vehicle for reviewing appellate counsel’s effectiveness, the defendant cannot show that failure to raise this claim was either deficient performance or prejudicial. Dennis v. State, 109 So.3d 680 (Fla.2012).
*109 Section 776.051(1), Florida Statutes (2008), prohibits the use of force to resist either arrest or the execution of a legal duty by a law enforcement officer unless the defendant can show that the officer was not acting in good faith. A.W. v. State, 82 So.3d 1136, 1139 (Fla. 4th DCA 2012). There was no such showing here.
Defendant’s alternative claim that appellate counsel was ineffective in failing to argue the prosecutor improperly vouched for the credibility of the officer is insufficiently pled and no error has been established. Pittman v. State, 90 So.3d 794, 819 (Fla.2011).[2]
We therefore deny the petition.
MAY, CONNER, and FORST, JJ„ concur.

. King v. State, 96 So.3d 906 (Fla. 4th DCA 2012).

. Petitioner was also found guilty of resisting an officer without violence. This conviction was not addressed in the petition and is not before us.