# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D23-1354
LT Case No. 2021-CF-000253-A
_____

MICHAEL L. WAITE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Citrus County.
Joel Fritton, Judge.

Alexei V. Lizanich, of Law Offices of Melisa Militello, Inverness, and Steven L. Brannock and Sarah B. Roberge, of Brannock Berman & Seider, Tampa, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.

April 12, 2024


KILBANE, J.

    Michael L. Waite appeals a judgment entered after a nolo contendere plea to five counts of unlawful interception of oral communication (a/k/a wiretapping), one count of battery on a law enforcement officer, and one count of resisting arrest with violence.

Specifically, Waite appeals the denial of several dispositive motions to dismiss and suppress evidence after reserving his right to appeal. We reverse the denial of the motion to dismiss the wiretapping charges. We affirm in all other respects.

## Facts

This case stems from a lengthy dispute between Waite and the Citrus County Sheriff's Office ("CCSO"). Since 2018, Waite quarreled over property boundaries with city employees and CCSO deputies. For the duration of this dispute, Waite would report what he believed to be crimes to various state agencies and the media. As his relationship with the CCSO continued to devolve, Waite started recording conversations with CCSO deputies.

In January 2021, Waite called 911 to report what he perceived to be a trespassing incident involving members of the CCSO. Waite insisted that he wanted to file a complaint with internal affairs and that he had an email ready to send. The 911 operator explained that she would have a supervisor give him a call back as she could not provide the information he was requesting. Waite agreed and informed the 911 operator he wanted the call to be recorded. Later that same day, Sergeant Edward Blair called Waite back. Waite recorded the three-minute phone conversation but did not inform Sergeant Blair he was doing so. Waite sent the audio recording of that call via email to the CCSO records department and requested an internal investigation.

In February 2021, Detective Jacob Chenoweth sought to obtain an arrest warrant based on the recorded conversation attached to Waite's email. The State alleged that Waite violated section 934.03(1)(a), Florida Statutes (2020), by recording the conversation with Sergeant Blair without his consent. After obtaining the warrant, deputies including Captain Ryan Glaze went to execute it at Waite's home. An altercation ensued, and it was alleged that Waite elbowed Captain Glaze in the face. Incident to the arrest, deputies found an audio recording device containing three additional recorded conversations with CCSO deputies.

2

In total, Waite was charged with five counts of wiretapping, battery on a law enforcement officer, and resisting arrest with violence. Waite filed several motions to dismiss and suppress including a Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss the wiretapping charges.[1] Waite conceded that he did not inform the deputies he was recording the conversations, and none of the deputies gave their consent to be recorded. However, Waite argued that the recorded conversations did not fall under the definition of "oral communication" as defined by section 934.02(2), Florida Statutes, because the deputies did not have an expectation of privacy.

The State filed a traverse and demurrer admitting that at all times during the recorded conversations, the deputies were acting in their official capacities and added that the deputies were using office phones and cell phones. However, the State argued that whether someone has a reasonable expectation of privacy is an issue of fact for the jury and therefore the motion to dismiss should be denied. After a hearing, the trial court agreed with the State and denied Waite's motion to dismiss. This appeal followed.

## Analysis

### A. Wiretapping Charges

A motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) is reviewed de novo. *Galston v. State*, 943 So. 2d 968, 970–71 (Fla. 5th DCA 2006) (citing *State v. Massey*, 873 So. 2d 494 (Fla. 5th DCA 2004)). "It is only when the state cannot establish even the barest bit of a prima facie case that it should be prevented from prosecuting." *State v. Heffner*, 727 So. 2d 977, 978 (Fla. 5th DCA 1999) (quoting *State v. Pentecost*, 397 So. 2d 711 (Fla. 5th DCA 1981)). As such, "the motion is somewhat similar to a motion for summary judgment in a civil case." *State v. Jones*,

---

[1] The fifth count of wiretapping was added at a later point in time after an additional recorded conversation with a deputy was uncovered during discovery. On appeal, the State does not contest that the motion to dismiss and Waite's reservation of his right to appeal applied to all five wiretapping charges.

642 So. 2d 804, 805 n.2 (Fla. 5th DCA 1994) (citing *Ellis v. State*, 346 So. 2d 1044, 1045 (Fla. 1st DCA 1977); *State v. Giesy*, 243 So. 2d 635, 636 (Fla. 4th DCA 1971)).

Under Florida's wiretapping statute, it is unlawful for any person to intentionally intercept or endeavor to intercept any wire, oral, or electronic communication. § 934.03(1)(a), Fla. Stat. (2020). "'Oral communication' means any oral communication uttered by a person *exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation* and does not mean any public oral communication uttered at a public meeting or any electronic communication." *Id.* § 934.02(2) (emphasis added). "[F]or an oral conversation to be protected under section 934.03 the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable." *State v. Smith*, 641 So. 2d 849, 852 (Fla. 1994) (citing *State v. Inciarrano*, 473 So. 2d 1272 (Fla. 1985)).

The question of whether citizens may record telephone conversations with police officers acting in their official capacities appears to be an issue of first impression. However, it has previously been established that there is a First Amendment right to record police officers conducting their official duties in public. *See Pickett v. Copeland*, 236 So. 3d 1142, 1147 n.2 (Fla. 1st DCA 2018) ("Simply put, the First Amendment protects the act of photographing, filming, or otherwise recording police officers conducting their official duties in public." (quoting *Fields v. City of Philadelphia*, 862 F.3d 353, 355–56 (3d Cir. 2017))). Additionally, it has been recognized that meetings taking place in an office context have "a quasi-public nature," *McDonough v. Fernandez-Rundle*, 862 F.3d 1314, 1320 (11th Cir. 2017) (citing *Inciarrano*, 473 So. 2d at 1274),[2] and the constitutional protections of the home

---

[2] The Florida Constitution recognizes that "[a] public office is a public trust" and "[t]he people shall have the right to secure and sustain that trust against abuse." Art. II, § 8, Fla. Const. Thus, "the Florida Constitution contemplates that public business is to be conducted in the 'sunshine.'" *Dep't of Agric. & Consumer Servs. v. Edwards*, 654 So. 2d 628, 631 (Fla. 1st DCA 1995).

4

do not extend to an office or place of business. *Morningstar v. State*, 428 So. 2d 220, 221 (Fla. 1982). Moreover, individuals conducting business over the phone do not enjoy a reasonable expectation of privacy on business phone calls where the other party to the conversation records said conversation, even when business is conducted from the person's cell phone at home. *See Avrich v. State*, 936 So. 2d 739, 742 (Fla. 3d DCA 2006).

Here, Waite recorded a telephone conversation with Sergeant Blair. He subsequently emailed the audio recording to the CCSO to report what he believed to be police misconduct and requested an internal investigation.[3] It was later discovered that Waite had similarly recorded four other conversations with CCSO deputies. Under these circumstances, it cannot be said that any of the deputies exhibited a reasonable expectation of privacy that society is willing to recognize.

Importantly, this is based on the record before us as there is no dispute that all conversations concerned matters of public business, occurred while the deputies were on duty, and involved phones utilized for work purposes. As such, Waite did not violate section 934.03(1)(a) when he recorded the conversations with the deputies, all of whom were acting in their official capacities at the time of the recordings, just as if he had the conversations face-to-face. *See Pickett*, 236 So. 3d at 1147 n.2; *Avrich*, 936 So. 2d at 742; *see also McDonough*, 862 F.3d at 1320 (explaining that open-government principles in conjunction with fact that meeting involved "public employees acting in furtherance of their public duties" undermined objective expectation of privacy).

Accordingly, the denial of the rule 3.190(c)(4) motion to dismiss must be reversed. *See Ford v. City of Boynton Beach*, 323 So. 3d 215, 220 (Fla. 4th DCA 2021) (reversing summary judgment based on wiretapping statute).[4]

---

[3] We in no way suggest the CCSO committed police misconduct. Rather, this was how Waite perceived the situation.

[4] The State relies on *State v. Sells*, 582 So. 2d 1244 (Fla. 4th DCA 1991), for its position that whether officers have a reasonable expectation of privacy is a question for the jury. However, *Sells*

## *B. Battery and Resisting with Violence Charges*

Waite further advances that because the wiretapping charges must be dismissed, so must the charges for battery on a law enforcement officer and resisting arrest with violence. We adamantly reject this assertion. Section 776.051(1), Florida Statutes, "prohibits the use of force to resist either arrest or the execution of a legal duty by a law enforcement officer unless the defendant can show that the officer was not acting in good faith." *King v. State*, 120 So. 3d 108, 109 (Fla. 4th DCA 2013) (per curiam) (citing *A.W. v. State*, 82 So. 3d 1136, 1139 (Fla. 4th DCA 2012)); *see also Tillman v. State*, 934 So. 2d 1263, 1269 (Fla. 2006), *superseded by statute on other grounds*, § 776.051(1), Fla. Stat. (2008) (explaining that under section 776.051(1) citizens do not have the "right to resist an illegal arrest with force"). Here, the deputies were executing an arrest warrant. Waite did not demonstrate a lack of good faith and should have complied without resorting to violence.

## Conclusion

Because the deputies did not have a reasonable expectation of privacy when they spoke with Waite over the phone in their official capacities as law enforcement officers regarding public business, the recordings did not fall within the definition of "oral communication" in section 934.02(2), Florida Statutes (2020), such that the wiretapping statute, section 934.03(1)(a), applied. Accordingly, we reverse the denial of the rule 3.190(c)(4) motion to dismiss the wiretapping charges and remand for further proceedings consistent with this opinion. In all other respects, we affirm.

---

addresses circumstances where one party suspects that the other party may be recording. *Id.* Whether a person has a reasonable expectation of privacy when he or she suspects the other person is recording is a question for the jury. *See id.* That is not the issue addressed here. Moreover, *Sells* did not involve a public meeting or a conversation between police officers and members of the public regarding public business.

AFFIRMED in part, REVERSED in part, REMANDED with instructions.

EDWARDS, C.J., and MAKAR, J., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————