# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2023-1354
LT Case No. 2021-CF-000253-A

———————————————————

MICHAEL L. WAITE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————————

On appeal from the Circuit Court for Citrus County.
Joel Fritton, Judge.

Alexei V. Lizanich, of Law Offices of Melisa Militello, Inverness, and Steven L. Brannock and Sarah B. Roberge, of Brannock Berman & Seider, Tampa, for Appellant.

Ashley Moody, Attorney General, and Jeffrey Paul DeSousa, Chief Deputy Solicitor General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.

Robert Wayne Evans, of Allen Norton & Blue, P.A., Tampa, Amicus Curiae, for the Florida Sheriffs Association, in support of Appellee.

J. David Marsey, of Rumberger, Kirk & Caldwell, Tallahassee, Amicus Curiae, for the Florida Police Chiefs Association, in support of Appellee.

August 16, 2024

## ON MOTION FOR REHEARING, REHEARING EN BANC, OR CERTIFICATION

KILBANE, J.

We deny the State's request for rehearing, rehearing en banc, and for certification of a question of great public importance. However, we withdraw our prior opinion of April 12, 2024, and substitute the following in its place.

Michael L. Waite appeals a judgment entered after a nolo contendere plea to five counts of unlawful interception of "oral communication" in violation of section 934.03(1)(a), Florida Statutes (2020), one count of battery on a law enforcement officer, and one count of resisting arrest with violence. Specifically, Waite appeals the denial of several dispositive motions to dismiss and suppress evidence after reserving his right to appeal. For the reasons set forth below, we reverse the denial of the motion to dismiss the unlawful interception of "oral communication" charges. We affirm in all other respects.

### Facts

This case stems from a lengthy dispute between Waite and the Citrus County Sheriff's Office ("CCSO"). Since 2018, Waite quarreled over property boundaries with city employees and CCSO deputies. For the duration of this dispute, Waite would report what he believed to be crimes to various state agencies and the media. As his relationship with the CCSO continued to devolve, Waite started recording conversations with CCSO deputies.

In January 2021, Waite called 911 to report what he perceived to be a trespassing incident involving members of the CCSO. Waite insisted that he wanted to file a complaint with internal affairs and that he had an email ready to send. The 911 operator explained that she would have a supervisor give him a call back as she could not provide the information he was requesting. Waite agreed and informed the 911 operator he wanted the call to be recorded. Later that same day, Sergeant Edward Blair called Waite back. Waite recorded the three-minute phone conversation

but did not inform Sergeant Blair he was doing so. Waite sent a copy of the audio recording of that call via email to the CCSO records department and requested an internal investigation.

In February 2021, Detective Jacob Chenoweth sought to obtain an arrest warrant based on the recorded conversation attached to Waite's email. The State alleged that Waite violated section 934.03(1)(a), Florida Statutes, by unlawfully intercepting an "oral communication" when he recorded the conversation with Sergeant Blair without his consent. After obtaining the warrant, deputies including Captain Ryan Glaze went to execute it at Waite's home. An altercation ensued, and Waite elbowed Captain Glaze in the face. Incident to the arrest, deputies found an audio recording device containing three additional recorded conversations with CCSO deputies.

In total, Waite was charged with five counts of unlawful interception of "oral communication," battery on a law enforcement officer, and resisting arrest with violence. Waite filed several motions to dismiss and suppress including a Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss the unlawful interception of "oral communication" charges.[1] Waite conceded that he did not inform the deputies he was recording the conversations and none of the deputies gave their consent to be recorded. However, Waite argued that the recorded conversations did not fall under the definition of "oral communication" as defined by section 934.02(2), Florida Statutes, because the deputies did not have a reasonable expectation of privacy that such communications were not subject to interception.

The State filed a traverse and demurrer admitting that at all times during the recorded conversations, the deputies were acting in their official capacities and added that the deputies were using

---

[1] The fifth count of unlawful interception of an "oral communication" was added at a later point in time after an additional recorded conversation with a deputy was uncovered during discovery. On appeal, the State does not contest that the motion to dismiss and Waite's reservation of his right to appeal applied to all five counts of unlawful interception.

office phones and cell phones. However, the State argued that whether someone has a reasonable expectation of privacy is an issue of fact for the jury and therefore the motion to dismiss should be denied. After a hearing, the trial court agreed with the State and denied Waite's motion to dismiss. This appeal followed.

## Analysis

### A. Unlawful Interception of "Oral Communication" Charges

A motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) is reviewed de novo. *Galston v. State*, 943 So. 2d 968, 970–71 (Fla. 5th DCA 2006) (citing *State v. Massey*, 873 So. 2d 494 (Fla. 5th DCA 2004)). "It is only when the state cannot establish even the barest bit of a prima facie case that it should be prevented from prosecuting." *State v. Heffner*, 727 So. 2d 977, 978 (Fla. 5th DCA 1999) (quoting *State v. Pentecost*, 397 So. 2d 711, 712 (Fla. 5th DCA 1981)). As such, "the motion is somewhat similar to a motion for summary judgment in a civil case." *State v. Jones*, 642 So. 2d 804, 805 n.2 (Fla. 5th DCA 1994) (citing *Ellis v. State*, 346 So. 2d 1044, 1045 (Fla. 1st DCA 1977); *State v. Giesy*, 243 So. 2d 635, 636 (Fla. 4th DCA 1971)).

Under section 934.03(1)(a), it is unlawful for any person to intentionally intercept or endeavor to intercept any wire, oral, or electronic communication. § 934.03(1)(a), Fla. Stat. (2020); *see also McDade v. State*, 154 So. 3d 292, 297 (Fla. 2014). "'Oral communication' means any oral communication uttered by a person *exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation* and does not mean any public oral communication uttered at a public meeting or any electronic communication." *Id.* § 934.02(2), Fla. Stat. (emphasis added). "[F]or an oral conversation to be protected under section 934.03 the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable." *State v. Smith*, 641 So. 2d 849, 852 (Fla. 1994) (citing *State v. Inciarrano*, 473 So. 2d 1272 (Fla. 1985)).

To determine whether Waite's secretly recorded phone conversations with CCSO deputies constituted unlawful

4

interception of "oral communications," we first examine cases dealing with recorded conversations involving police. It has previously been established that there is a First Amendment right to record police officers conducting their official duties in public. *See Pickett v. Copeland*, 236 So. 3d 1142, 1146 n.2 (Fla. 1st DCA 2018) ("Simply put, the First Amendment protects the act of photographing, filming, or otherwise recording police officers conducting their official duties in public." (quoting *Fields v. City of Philadelphia*, 862 F.3d 353, 356 (3d Cir. 2017))). Additionally, it has been recognized that meetings taking place in an office context may have "a quasi-public nature." *McDonough v. Fernandez-Rundle*, 862 F.3d 1314, 1320–21 (11th Cir. 2017) (quoting *Inciarrano*, 473 So. 2d at 1274) (explaining recording fell outside definition of "oral communication" where party was invited to police chief's office and secretly recorded conversation).[2]

Here, Waite secretly recorded a telephone conversation with Sergeant Blair. He subsequently emailed the audio recording to the CCSO to report what he believed to be police misconduct and requested an internal investigation. It was later discovered that Waite had similarly recorded four other conversations with CCSO deputies. Under these circumstances, it cannot be said that any of the deputies exhibited a reasonable expectation of privacy that society is willing to recognize.

Importantly, this is based on the record before us[3] as all the secretly recorded conversations were between a citizen and law

---

[2] The Florida Constitution recognizes that "[a] public office is a public trust" and "[t]he people shall have the right to secure and sustain that trust against abuse." Art. II, § 8, Fla. Const. Thus, "the Florida Constitution contemplates that public business is to be conducted in the 'sunshine.'" *Dep't of Agric. & Consumer Servs. v. Edwards*, 654 So. 2d 628, 631 (Fla. 1st DCA 1995).

[3] Our decision is also based on the charges that were filed. The State charged Waite with unlawfully intercepting "oral communications" in violation of section 934.03(1)(a). *See Langlois v. State*, 49 Fla. L. Weekly D1469a (Fla. 5th DCA July 12, 2024) (Kilbane, J., concurring) (examining differences between "wire"

enforcement officers regarding official business, occurred while the deputies were on duty, and involved phones utilized for official police business. Under these circumstances, and in spite of Waite's concession that none of the deputies gave consent for him to record which is also required, Waite did not violate section 934.03(1)(a)'s prohibition on intercepting "oral communications" when he recorded the conversations with the deputies because they did not have a reasonable expectation of privacy. *Cf. McDonough*, 862 F.3d at 1320 (explaining that meeting involved "public employees acting in furtherance of their public duties," which undermined objective expectation of privacy); *Avrich v. State*, 936 So. 2d 739, 742 (Fla. 3d DCA 2006) (reversing defendant's conviction for making obscene or harassing telephone calls where victim did not have reasonable expectation of privacy as required by statute).

Accordingly, the denial of the rule 3.190(c)(4) motion to dismiss must be reversed. *Cf. Ford v. City of Boynton Beach*, 323 So. 3d 215, 220 (Fla. 4th DCA 2021) (reversing summary judgment based on reasonable expectation of privacy requirement for intercepting "oral communication" in section 934.03(1)(a) and section 934.02(2)).[4]

## B. Battery and Resisting with Violence Charges

Waite further advances that because the unlawful interception of "oral communication" charges must be dismissed, so must the charges for battery on a law enforcement officer and

---

and "oral" communications and discussing prosecutorial discretion).

[4] The State relies on *State v. Sells*, 582 So. 2d 1244 (Fla. 4th DCA 1991), for its position that whether officers have a reasonable expectation of privacy is a question for the jury. However, *Sells* addresses circumstances where one party suspects that the other party may be recording. *Id.* at 1245. That is not the issue addressed here. "Whether the provisions of chapter 934, Florida Statutes, apply to the recordings at issue in this case—*where the facts relevant to the recordings are undisputed*—is a question of statutory interpretation." *McDade*, 154 So. 3d 296–97 (emphasis added).

resisting arrest with violence. We reject this assertion. Section 776.051(1), Florida Statutes, "prohibits the use of force to resist either arrest or the execution of a legal duty by a law enforcement officer unless the defendant can show that the officer was not acting in good faith." *King v. State*, 120 So. 3d 108, 109 (Fla. 4th DCA 2013) (per curiam) (citing *A.W. v. State*, 82 So. 3d 1136, 1139 (Fla. 4th DCA 2012)); *see also Tillman v. State*, 934 So. 2d 1263, 1269 (Fla. 2006), *superseded by statute on other grounds*, § 776.051(1), Fla. Stat. (2008) (explaining that under section 776.051(1) citizens do not have the "right to resist an illegal arrest with force"). Here, the deputies were executing an arrest warrant. Waite did not demonstrate that the deputies lacked good faith in executing the arrest warrant, and he was required to comply without resorting to violence.

## Conclusion

Accordingly, we reverse the denial of Waite's rule 3.190(c)(4) motion to dismiss the unlawful interception of "oral communication" charges and remand for further proceedings consistent with this opinion. In all other respects, we affirm.

AFFIRMED in part, REVERSED in part, REMANDED with instructions.

EDWARDS, C.J., concurs.
MAKAR, J., concurring in result with opinion.

7

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

MAKAR, J., concurring in result only.

The State seeks rehearing in this case, convincingly pointing out that Waite intercepted wire communications, not oral communications, a point it did not raise in initial briefing. With due respect to my colleagues, the path of least resistance in this case is to reverse on the basis that improper charges were brought against Waite and to leave it at that.

The prosecution charged Waite under that portion of Florida's wiretap statute that relates to *oral* communications, such as direct face-to-face verbal conversations in which speakers may have an expectation of privacy in their communications. The phone calls underlying the charges against Waite, however, were not oral communications, they were *wire* communications as the Solicitor General correctly points out in his rehearing motion. Under the facts presented, Waite could have been charged with interceptions of wire communications; no oral communications occurred between Waite and the officers that were susceptible to interception.

Having charged Waite under the wrong section of the wiretap statute, the State ought to concede error and stipulate to dismissal of the interception charges against Waite on that basis; simply stated, because Waite did not intercept oral communications the charges against him are nullities. The Solicitor General urges that the panel certify the following question of great public importance: "Whether a person is liable for unlawful wiretapping under Section 934.03 for surreptitiously recording phone conversations with law-enforcement officers." The answer to that question is "yes," provided a nonconsensual interception of a wire communication occurred, such as the phone calls in this case. But those were not the charges against Waite.

In summary, the charges against Waite—that he intercepted oral communications—were erroneous. Because Waite is entitled to relief from those specific charges, I concur in the result reached; a discussion of the nuances of what constitutes an oral

9

communication is unnecessary and, as the State and amicus point out, creates uncertainty in the law enforcement field. That said, this odd case is an outlier because it is unlikely that future prosecutors will pursue charges for interceptions of oral communications under Florida's wiretap statute under the facts presented, i.e., the interception of a phone call, which is a wire communication.